Richard R. RONDENO,
Plaintiff–Appellant

v.

M/V ISLAND OASIS; NYK Global Bulk Corporation; Toshin Kisen Company, Limited; Keishin Kaiun Company Limited; Ever Bright Shipping SA; P & O Ports Louisiana Incorporated, (Ports America), Defendants–Appellees.

No. 12–20112
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 22, 2012.

Richard R. Rondeno, Houston, TX, pro se.

Pamela Ferrage Noya Molnar, Esq., Blue Williams, L.L.P., Metairie, LA, for Defendants–Appellees.

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Plaintiff-Appellant Richard Rondeno, proceeding *pro se,* filed suit in the United States District Court for the Southern District of Texas based on injuries he suffered unloading cargo from the M/V ISLAND OASIS while employed as a longshoreman by Defendant–Appellee P & O Ports Louisiana, Inc. The injuries he complains of occurred in May 2005. In the instant suit [1]

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. In August 2005, Rondeno filed a claim under the LHWCA with the United States Department of Labor. That claim was eventually referred to an administrative law judge, who in November 2011 allowed Rondeno to withdraw his claim without prejudice. Rondeno also brought suit in the United States District Court for the Eastern District of Louisiana in May 2008. On Rondeno's motion, the district court in that case dismissed those claims without prejudice.

filed in November 2011, he seeks to raise claims under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq.*, and the Jones Act, 46 U.S.C. § 30104. The district court dismissed Rondeno's claims because the LHCWA's statute of limitations is one year, 33 U.S.C § 913(a), and the Jones Act's statute of limitations is three years, 46 U.S.C. § 30106. As Rondeno's claims are untimely under either statute, we AFFIRM the district court's dismissal of Rondeno's suit. Additionally, P & O Ports's motion to dismiss for lack of jurisdiction is DENIED and its motion to dismiss is DENIED AS MOOT.